IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. _____

| | |
|---|---|
| DEANA MANNING REALTY, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>X.L. INSURANCE AMERICA, INC., )<br>d/b/a GREENWICH INSURANCE COMPANY, )<br>)<br>Defendant. )<br>_____) | **EXHIBIT 3 TO<br>NOTICE OF REMOVAL**<br><br>**STATE COURT<br>VERIFIED COMPLAINT** |

NORTH CAROLINA

COUNTY OF CUMBERLAND

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 17 CVS 4965

DEANA MANNING REALTY, LLC,

Plaintiff,

v.

X.L. INSURANCE AMERICA, INC.,
D/B/A GREENWICH INSURANCE
COMPANY,

Defendant.

**VERIFIED COMPLAINT**



NOW COMES Plaintiff, and complaining of Defendant, alleges and says:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Deana Manning Realty, LLC ("Manning Realty") is a limited liability company organized and existing under the laws of the State of North Carolina with its principal place of business in Cumberland County, North Carolina.

2. Upon information and belief, Defendant X.L. Insurance America Inc. d/b/a Greenwich Insurance Company ("XL") is a Delaware corporation doing business in Cumberland County, North Carolina.

3. The Court has subject matter jurisdiction over this Action pursuant to N.C. Gen. Stat. §§ 7A-240, 7A-243 and other applicable law.

4. The Court has personal jurisdiction over Defendant pursuant to N.C. Gen. Stat. § 1-75.4, and other applicable law.

5. Venue is proper in Cumberland County, North Carolina, pursuant to N.C. Gen. Stat. § 1-82, and other applicable law.

Hutchens
Law Firm

P. O. Box 2505
Fayetteville, North
Carolina 28302

(910) 864-6888

## FACTS

6. On March 15, 2016, Ricardo Benitez, Jessica Benitez, Leonardo Romero, Laura C. Cruz, Ricco L. Jordan, Matthew Kenton, Melissa Kenton, Jerome M. Matthews, Kimberly Matthews, Matthew L. Pruitt, Sarah S. Pruitt, Edler Saint-Juste, LeTosha D. Saint-Juste, Rakiema Sellars-Pompey, Tyrone Flower, and Charnelle D. Thomas (collectively the "Property Owners") filed a lawsuit against Manning Realty, and others in Cumberland County Superior Court File No. 16 CVS 1501 (the "Braxton Village Action").

7. The Braxton Village Action arises out of alleged drainage problems in and around Braxton Village and alleges that the manner in which Braxton Village was developed caused large amounts of water to accumulate on and near the Property Owners' property.

8. Licensed real estate agents affiliated with Manning Realty acted as the seller's real estate agents in the sale to each of the Property Owners.

9. Manning Realty acted as the buyer's real estate agents in the sale to some of the Property Owners.

10. The Braxton Village Action alleges that Manning Realty knew or should have known of the alleged water accumulation problems in Braxton Village and that those problems had or would subject the Property Owners' properties to flooding.

11. The Braxton Village Action alleges that Manning Realty knew or should have known that the Property Owners' properties were subject flooding.

12. The Braxton Village Action alleges that licensed real estate agents affiliated with Manning Realty breached duties they owed to the Property Owners in

Hutchens Law Firm

P. O. Box 2505
Fayetteville, North Carolina 28302

(910) 864-6888

their respective roles as a real estate brokerage firm and real estate agents or brokers by their alleged omissions concerning whether the Property Owners' properties were subject to flooding.

### Manning Realty's XL Policy

13. At all times material hereto, Manning Realty, had in effect a valid Real Estate Professional Errors and Omissions Declarations Policy, policy number PEG9162426-6 (the "Policy") issued by Defendant XL.

14. Manning Realty filed an Errors and Omissions Claim Report ("Manning Realty's Insurance Claim") with XL at the start of the Braxton Village Action requesting for XL to indemnify and defend Manning Realty in the Braxton Village Action.

15. On September 20, 2016, XL responded to Manning Realty's Insurance Claim by issuing a denial of coverage letter that denied Manning Realty's Insurance Claim despite the fact that the Braxton Village Action contains claims that are covered under the Policy (the "First Denial Letter"). An accurate and complete copy of the First Denial Letter marked **Exhibit A**, attached hereto and incorporated herein by reference.

16. On October 28, 2016, Plaintiff sent Defendant a response to the First Denial Letter which addressed Defendant's concerns and again asked Defendant to indemnify and defend Manning Realty in the Braxton Village Action (the "First Denial Response Letter"). An accurate and complete copy of the First Denial Response Letter is marked **Exhibit B**, attached hereto and incorporated herein by reference.

17. On December 6, 2016, Defendant sent a second denial of coverage letter in response to the First Denial Response Letter (the "Second Denial Letter"). An

Hutchens Law Firm

P. O. Box 2505
Fayetteville, North Carolina 28302

(910) 864-6888

accurate and complete copy of the Second Denial Letter is marked **Exhibit C**, attached hereto and incorporated herein by reference.

18. Upon information and belief, Manning Realty and the licensed real estate agents affiliated with it were insured under the Policy at the time of the Braxton Village Action and the alleged acts and omissions giving rise thereto

19. Manning Realty has paid the required premiums in full and has satisfied all other conditions to coverage for its Policy through the date of the Braxton Village Action.

20. To date, XL has refused to honor their obligations under the Policy and Manning Realty and the licensed real estate agents affiliated with it have been damaged thereby.

## CLAIM FOR RELIEF
(Declaratory Relief as to the Policy)

21. The allegations contained in paragraphs 1 through 20 are realleged and incorporated herein by reference.

22. Upon information and belief, the Policy, includes, inter alia, insurance coverage and a duty to defend for the alleged acts and omissions of Manning Realty and its affiliated licensed real estate agents in the Braxton Village Action.

23. Upon information and belief, pursuant to the terms of the Policy, XL is obligated to provide a defense and insurance coverage for the alleged acts and omissions of Manning Realty and its affiliated licensed real estate agents in the Braxton Village Action.

24. XL wrongfully denied Manning Realty's claim for coverage under the Policy.

Hutchens
Law Firm

P. O. Box 2505
Fayetteville, North
Carolina 28302

(910) 864-6888

25. An actual controversy of a justiciable nature presently exists between Manning Realty and XL, concerning the proper construction of the Policy and the rights and obligations of the Parties. The controversy is of sufficient immediacy to justify the issuance of a declaratory judgment.

**WHEREFORE**, Plaintiff respectfully prays the Court as follows:

1. A declaration that XL's insurance policy issued to Manning Realty impose on XL a duty defend and provide insurance coverage to Manning Realty and its affiliated licensed real estate agents for the allegations in the Braxton Village Action;

2. The costs of this action, including reasonable attorney's fees, be taxed against XL as allowed by law; and,

3. For such other and further relief as the Court deems necessary and proper.

This the 23 day of June, 2017.

HUTCHENS LAW FIRM

BY: _____
J. Scott Flowers
N.C. State Bar No.: 31525
Damón Gray II
N.C. State Bar No.: 50740
P.O. Box 2505
Fayetteville, NC 28302
Phone: (910) 864-6888
Fax: (910) 864-6848
*Attorneys for Plaintiff*

Hutchens
Law Firm

P. O. Box 2505
Fayetteville, North
Carolina 28302

(910) 864-6888

## VERIFICATION

I, Chris Manning, in my capacity as Managing Member for Deana Manning Realty, LLC, having first been duly sworn, do state on oath: that I am of legal age; that I am under no legal disability; that I have read the foregoing Verified Complaint; that the foregoing Verified Complaint is true to my knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

**Deana Manning Realty, LLC.**

By: _____

Its: __Chris Manning, Managing Member__

Sworn to and subscribed before me
this __20__ day of __June__, 2017.

_____
NOTARY PUBLIC

My Commission Expires: __7/15/2017__

*Notary Seal: LENORA ANN CRANDELL, Notary Public, Cumberland County, My Commission Expires 07/15/2017, NORTH CAROLINA*

Hutchens
Law Firm

P. O. Box 2505
Fayetteville, North
Carolina 28302

(910) 864-6888

-6-



Elizabeth W. Ives
XLCatlin
100 Constitution Plaza
Hartford, CT 06103
Phone +1 860-293-3126
Fax +1 860-548-9668
www.xlinsurance.com



Via Certified Mail Return Receipt Requested

September 20, 2016

Ms. Deanna Manning
Deanna Manning Realty, LLC dba Manning Realty
5511 Ramsey St
Ste 100
Fayetteville, NC 28311

| | |
|---|---|
| Claim Number: | 3759358 |
| | Greenwich Insurance Company |
| Insured: | Manning Realty |
| Claimant: | Ricardo Benitez et al |
| Property: | Rosendale Drive Hope Mills NC |
| Agents: | Brandie Robertson, Benjamin Cheney and Danielle Furrell |

Dear Ms. Manning

Please be advised that Greenwich Insurance Company is in receipt of the Errors & Omissions Claim Report form enclosing the Summons & Complaint styled <u>Ricardo Benitez et al v. 4d Site Solutions Inc. et al</u> in which your office and agents are named defendants filed in the General Court of Justice Superior Court Division reported by Attorney Stacey Talley on your behalf. Please reference the claim number listed above when corresponding with our office.

This matter is submitted for coverage consideration under Deana Manning Realty, LLC dba Manning Realty Errors & Omissions Policy with Greenwich Insurance Company numbered PEG-9162426-6 effective January 13, 2016 through January 13, 2017. Our review of the matter leads us to find that there is no coverage under the policy as presented. In this regard, claims arising out of an Insured's indirect financial interest in the entity: Braxton Village Developers, as the developer of the properties purchased by the plaintiff's, is excluded under your Real Estate Professional Errors & Omissions Policy with Greenwich Insurance Company.

In review of the facts, Braxton Village Developers in which Chris Manning is the manager/manager developed Braxton Village located in Hope Mills, North Carolina which is the subject of this litigation. Chris Manning is also noted as a managing member of Manning Realty, Manning Realty at the Beach, Grand Harbor Realty, LLC and Manning Realty of Moore County LLC which are named in the litigation. The plaintiff's claim that due to the change in the natural topography of the land during development of the community by Braxton Developers and the other defendant's there is standing water on their lots thereby causing them to sustain damages. It is claimed that the realtors were negligent in failing to disclose that large amounts of water would accumulate and the properties would be subject to flooding at the time of the plaintiff's purchase. Please be advised that claims arising from an insured development of property and or indirect financial interest in an entity that developed property is excluded under your errors and omissions policy with Greenwich Insurance Company. Based on the allegations in the complaint, there is no coverage for this claim.

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc.,
XL Insurance Company of New York, Inc., XL Seleot Insurance Company, XL Specialty Insurance Company



BE ADVISED that Greenwich Insurance Company, asserts this coverage disclaimer for the following reasons:

The **REAL ESTATE ERRORS AND OMISSIONS CLAIMS-MADE POLICY COVERAGE PART JPP-PF (ed. 04/11)**, states in pertinent part:

"I. INSURING AGREEMENTS

   A. Coverage

      The Company will pay on behalf of the Insured all sums in excess of the deductible that the Insured becomes legally obligated to pay as damages and claim expenses by reason of an act or omission including personal injury in the performance of real estate services by the Insured, provided that:

      1. The claim arising out of the act or omission must first be made against the Insured during the policy period or any applicable extended reporting period;

      2. The claim must be reported in writing to the Company during the policy period or within 60 days after the end of the policy period unless an extended reporting period applies;

      3. such act or omission was committed on or subsequent to the retroactive date specified in the Declarations; and

      4. prior to the inception date of this policy, no Insured had a basis to believe that such act or omission, or any related act or omission, might reasonably be expected to be the basis of a claim.

      Except as provided in Section V.D., below, claim expenses are in addition to the limit of liability.

III. DEFINTIONS

   **Claim** means a demand for money or services naming the Insured by reason of an act or omission in the performance of real estate services. A claim also includes the service of suit or the institution of an arbitration proceeding against the Insured.

   **Claim expenses** do not include fees, costs or expenses of employees or officers of the Company, salaries, commissions, loss of earnings or other remuneration by or to any Insured.

   **Damages** mean any compensatory sum which the Insured is legally obligated to pay as a result of an act or omission including a judgment, award or settlement. Damages do not include:

   1. fines, sanctions or penalties;

   2. punitive, exemplary, or treble damages, unless coverage for such damages is permissible under the applicable state law;

   3. the return, reduction, or restitution of fees, commissions, expenses or costs for real estate services performed or to be performed by the Insured;

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc.,
XL Insurance Company of New York, Inc., XL Select Insurance Company, XL Specialty Insurance Company



4. injunctive or declaratory relief.

Insured means:

1. The Named Insured;

2. Any present or former partner, member, officer, director or employee for **real estate services** performed on behalf of the Named Insured;

3. Any present or former independent contractor and their employees for **real estate services** performed on behalf of the Named Insured, but only if, prior to the date a claim is made, the Named Insured had agreed to provide insurance for the independent contractor's **real estate services**;

4. the estate, heirs, executors, administrators, assigns and legal representatives of an Insured in the event of such Insured's death, incapacity, insolvency or bankruptcy, but only for liability arising out of **real estate services** performed by or on behalf of the Named Insured prior to such Insured's death, incapacity, insolvency or bankruptcy; or

5. any real estate franchise corporation of which the Named Insured is a franchisee, but only as respects the real estate franchise corporation's liability for acts or omissions committed by an Insured on behalf of the Named Insured.

Residential property means a one to four family dwelling in which the Insured or others reside."

Please now direct your attention to Section "IV. EXCLUSIONS which states:

The Company will not defend or pay any claim:

K. based on or arising out of the purchase of property by, or the sale, leasing, appraisal, or property management of property developed, constructed or owned by:

1. any Insured;

2. any entity in which any Insured had a financial interest or a contemplated financial interest;

3. any entity which had a financial interest or a contemplated financial interest in the Named Insured; or

4. any entity which was under the same financial control as the Named Insured.

This exclusion will not apply to any claim based on or arising out of:

i. the sale or leasing of real property that the insured did not construct or develop and in which the combined ownership interest of all Insureds was less than 20% at the time of sale or lease;

ii. the sale of **residential property** by an Insured who is the owner of such **residential property** and all of the following conditions are met in connection with such sale:

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc.,
XL Insurance Company of New York, Inc., XL Select Insurance Company, XL Specialty Insurance Company



    a. a seller disclosure form was signed by the Insured and acknowledged in writing by the buyer prior to closing;

    b. an accredited written home inspection report was issued or waived in writing by the buyer; and

    c. a state or local board-approved standard sales contract was utilized;

  iii. the sale, listing or management of the Named Insured's residential property by another Insured who is not the owner of such residential property;

  iv. the sale of real property owned by an Insured if the property was acquired by an Insured under a written guaranteed sale listing contract, and the title is held by an Insured for 12 months or less and the property was listed for sale continuously by an Insured from the date of acquisition to the date of resale; or

  v. the management of property in which an Insured's or all Insureds' controlling, legal or beneficial interest at the time property management services were performed is less than 50%."

Real estate services means those professional services performed for others in the Insured's capacity as a real estate agent, real estate broker, leasing agent, property manager, real estate auctioneer, real estate appraiser, real estate consultant or counselor, short term escrow agent, referral agent, notary public, or member of a real estate accreditation, standards review or similar real estate board or committee."

Given that this matter arises from the sale of the properties to the plaintiff's located in Braxton Village which was developed by Chris Manning of Braxton Village Developers who is also a managing member of Deana Manning Realty, the named insured we find there is no coverage due to the indirect financial interest. Based on the foregoing exclusionary language we find that there is no coverage for this loss. Regretfully, we will be unable to assist you in this matter.

We must also advise you that neither this letter nor any other action taken or omitted to be taken by Greenwich Insurance Company in connection with this claim should be construed as a waiver of any of the terms, conditions, exclusions or provisions contained in the policy.

At this time, we would suggest contacting your agent to determine if any other insurance policies would provide coverage for this claim.

If you are aware of other factors or information that has not been made available to us, please either contact the undersigned or forward the materials to me so that I may determine whether to reconsider our position. Please feel free to contact me with any questions or concerns you may have relative to the position outlined above or any other issues you may have.

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc.,
XL Insurance Company of New York, Inc., XL Select Insurance Company, XL Specialty Insurance Company



Very Truly Yours,

*Elizabeth W Ives*

Elizabeth W. Ives
Account Manager
XL CATLIN Commercial E&O
Real Estate Professional Liability
Elizabeth.Ives@xlcatlin.com

Cc: Pearl Insurance

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc.,
XL Insurance Company of New York, Inc., XL Select Insurance Company, XL Specialty Insurance Company

EXHIBIT B

# ANDERSON, JOHNSON, LAWRENCE & BUTLER, L.L.P.
## LAWYERS

HENRY L. ANDERSON (1911-1986)
HAL W. BROADFOOT (1929-1994)
LEE B. JOHNSON
JOHN H. ANDERSON, II*
STEVEN C. LAWRENCE
J. STEWART BUTLER, III
STACEY E. TALLY
LEE B. JOHNSON, JR.
*NCDRC CERTIFIED SUPERIOR COURT MEDIATOR

109 BROADFOOT AVENUE
P. O. BOX 53945
FAYETTEVILLE, N. C. 28305-3945

TELEPHONE:
(910) 483-1171

FAX:
(910) 483-5005

EMAIL:
STALLY@ANDERSONJOHNSON.COM

October 28, 2016

**Via E-mail Only: Elizabeth.Ives@xlcatlin.com**
Ms. Elizabeth W. Ives
Account Manager
XL CATLIN Commercial E&O
Real Estate Professional Liability
100 Construction Plaza
Hartford, CT 06103

Re: 16 CVS 1501 - Cumberland County
Ricardo Benitez, and wife, Jessica Benitez, et
al. vs. 4D Site Solutions, Inc., et al.
Insured: Deana Manning Realty, LLC
Claim No. 00434002480
D/A:
AJL&B File No. 16196-054-1

Dear Ms. Ives:

I am in receipt of your coverage denial letter to Deana Manning Realty, LLC in the above-captioned matter, and thank you for copying me with same. I have had a chance to review your asserted basis for denying coverage under Greenwich Insurance Company's Policy No. PEG9162426 (the Policy), and respectfully disagree with the company's position. It appears that your reliance on the "indirect financial interest" exclusion is based on your assumption that Chris Manning comes within the definition of an "insured" under the Policy. However, he does not, and Greenwich's reliance on this exclusion is, accordingly, misplaced.

As I am sure you are aware, "[p]rovisions which exclude liability of insurance companies are not favored" in North Carolina, and, therefore, "exclusions from, conditions upon and limitations of undertakings by the insurance company, otherwise contained in the policy, are construed strictly to provide coverage." *Herring v. Liner*, 163 N.C. App. 534, 538, 594 S.E.2d 117, 120 (2004) (internal alterations and citations omitted). It is further well-established that, "[w]here a policy defines a term, that definition is to be used." *Id.*

The subject Policy defines "Insured" as the "Named Insured," which is not Chris Manning, but Deana Manning Realty, LLC. The Policy definition of "insured" also includes a partner or member of the Named Insured, which Chris Manning undisputedly is, *but only to the extent that such person was performing "real estate services"* on behalf of the Named Insured, which Chris Manning does not, and clearly did not in this case. In fact, he does not have, nor has he ever held, a real estate license, and, accordingly, is not a real estate agent, a real estate broker, a real estate consultant or counselor, or a "referral agent (as the term is defined in the Policy). The fact that

Ms. Elizabeth W. Ives
October 28, 2016
Page - 2 -

Mr. Manning is a managing member of Deana Manning Realty simply does not qualify him as an "insured" under the Policy. As such, the exclusion arising under Section IV. K. of the Policy is inapplicable.

More particularly, the Named Insured, Deana Manning Realty, does not have any financial interest or contemplated financial interest in Braxton Village Developers, LLC (BVD). It is Chris Manning in his individual capacity only that has a 25% interest in BVD, but, since he is not an "insured" under the Policy, subsections (1) and (2) of Section IV. K. clearly do not apply. BVD did not have any financial interest in Deana Manning Realty, nor was it under the same financial control as the Named Insured, rendering subsections (3) and (4) inoperative. As such, Greenwich cannot avail itself of the exclusion identified in its coverage denial letter, and is therefore required to accept this case for defense of the Named Insured in the above-captioned litigation. The simple fact is that, based on the plain reading of the Policy and a strict construction of the exclusions contained therein, as North Carolina law requires, Chris Manning's role as managing member of the Named Insured, without being an "insured" thereunder, is insufficient to invoke the indirect financial interest exclusion contained in the Policy, regardless of any financial interest that Mr. Manning may have had in BVD.

On behalf of Deana Manning Realty, I would ask that, Greenwich therefore reevaluate its coverage position in light of the foregoing, and that you respond by calling me at (910) 483-1171 at your earliest opportunity, in order to discuss the company's anticipated involvement in this pending litigation. I have no doubt you are keenly aware that the duty to defend is broader that the duty to provide coverage, and Deana Manning demands that, at the very least, Greenwich/XL Catlin defend this matter under a reservation of rights. Please also note that, under North Carolina's mediation conference rules, all insurance companies that could even potentially have an obligation to pay are required to participate.

Please do not hesitate to contact me in the meantime with any questions. Thank you for your attention to this matter.

With kindest regards, I am

Very truly yours,

ANDERSON, JOHNSON, LAWRENCE
& BUTLER, L.L.P.

Stacey E. Tally

(16196/Let.Ives)



EXHIBIT C

Elizabeth W. Ives
XLCatlin
100 Constitution Plaza
Hartford, CT 06103
Phone +1 860-293-3126
Fax +1 860-548-9668
www.xlinsurance.com

<u>Via Electronic and Regular Mail</u>

December 6, 2016

Stacey Talley
Anderson, Johnson, Lawrence & Butler
P.O.Box 53945
Fayetteville, NC 28305

| | |
|---|---|
| Insured: | Deanna Manning Realty, LLC dba Manning Realty |
| Claimant: | Ricardo Benitez et al. |
| Policy: | Real Estate Professionals Errors and Omissions Policy |
| Policy Number: | PEG9162426-6 |
| Claim Number: | 3759358 |

Dear Ms. Talley:

I am writing on behalf of Greenwich Insurance Company ("Greenwich") in response to your communication requesting that we re-evaluate our determination that no coverage exists for the above referenced matter under the above issued by Greenwich to Deana Manning Realty, LLC dba Manning Realty ("Manning Realty").

I am also writing in follow-up to our discussion in which I stated that Greenwich had reconsidered its determination, but remains of the judgment that the underlying claim is not covered under the policy. This letter confirms our discussion and provides Greenwich's explanation.

As you are aware, the Complaint in the underlying matter, <u>Ricardo Benitez, et al. v. 4D Site Solutions, Inc., et al.</u>, Superior Court, State of North Carolina, County of Cumberland, 16 CVS 1501, filed March 15, 2016 (the "Underlying Matter"), asserts various claims relating to a subdivision in Hope Mills, North Carolina referred to as Braxton Village ("Braxton Village"). The plaintiffs (various property owners at Braxton Village) allege, among other things, that the design and construction of Braxton Village has caused flooding and standing water on the plaintiffs' properties.

The plaintiffs allege that Christopher Manning is an owner and manager of Braxton Village Developers and that Christopher Manning was personally involved in the development of Braxton Village. The plaintiffs also allege that Christopher Manning knew or should have known that: (1) the manner in which Braxton Village was developed would cause water to accumulate on the Braxton Village properties; and (2) the Braxton Village properties were or would be subject to flooding. The plaintiffs further allege that Christopher Manning is an owner, manager, employee, agent, officer, or director of Manning Realty.

The plaintiffs further assert that Manning Realty served as the real estate agent for the sellers of properties within Braxton Village and also served as dual real estate agent for the sellers and certain buyers of Braxton Village properties. The plaintiffs assert various claims against Manning Realty and its agents and employees. These claims included that Manning Realty and its agents and employees: (1) owed duties of disclosure to the plaintiffs; (2) knew or should have known that the manner in which Braxton Village was developed would cause water to accumulate on the Braxton Village properties; (3) knew or should have

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc.,
XL Insurance Company of New York, Inc., XL Select Insurance Company, XL Specialty Insurance Company



known that the Braxton Village properties were or would be subject to flooding; and (4) breached duties to the plaintiffs by failing to disclose these circumstances to the plaintiffs.

In your communication, you do not dispute that Christopher Manning is affiliated with, and has a financial interest in, Braxton Village Developers. Additionally, you state that Christopher Manning is a partner and managing member of Manning Realty. You assert that Christopher Manning was not performing "real estate services" on behalf of Manning Realty in connection with the sale of the Braxton Village properties and thereby Christopher Manning does not qualify as an "Insured" under the Policy.

Greenwich issued the above referenced Real Estate Professionals Errors and Omissions Policy, for the policy period January 13, 2016 to January 13, 2017, to Manning Realty (the "Policy"). The Policy provides Limits of Liability of $250,000 Each Claim and $250,000 Policy Aggregate.

The Policy defines "Insured" to include "any present or former partner, member, officer, director, or employee for real estate services performed on behalf of the Named Insured." Additionally, "real estate services" are defined as "those professional services performed for others in the Insured's capacity as a real estate agent, real estate broker, leasing agent, property manager, real estate auctioneer, real estate appraiser, real estate consultant or counselor, short term escrow agent, referral agent, notary public, or member of real estate accreditation, standards review or similar real estate board or committee."

The Policy also contains various exclusions, including but not limited to Exclusion K in Section IV of the Policy that provides that no coverage exists under the Policy for any claim:

K. based on or arising out of the purchase of property by, or the sale, leasing, appraisal, or property management of property developed, constructed or owned by:

1. any Insured;

2. any entity in which any Insured had a financial interest or a contemplated financial interest;

3. any entity which had a financial interest or a contemplated financial interest in the Named Insured; or

4. any entity which was under the same financial control as the Named Insured.

It remains the position of Greenwich that Exclusion K of the Policy applies to preclude coverage for the Underlying Matter. In particular, it is Greenwich's judgment that the claim arises out of the sale of property (the Braxton Village properties) that was developed, constructed, or owned by an entity (Braxton Village Developers) in which an Insured (Christopher Manning) had a financial interest.

While we understand your contention that Christopher Manning was not acting as a real estate agent in connection with the Braxton Village properties (you contend that Christopher Manning does not have a real estate sales license and does not engage in real estate sales activities), this does not change the connection between Braxton Village Developers and Manning Realty, which was established by Christopher Manning's relationship with both entities. The central assertions of the plaintiffs relate to Christopher Manning's dual role as: (1) an owner/manager of Braxton Village Developers, who was personally involved in the development of the properties, and (2) a partner/managing member of Manning Realty, and thereby involved in the direction and the management of the firm. As a result, information relating to the development of the Braxton Village properties that Christopher Manning obtained as an

2



owner/manager of Braxton Village Developers became information available to Manning Realty based on Christopher Manning's role as a partner/managing member of the firm.

Additionally, we do not agree that whether or not Christopher Manning was personally engaged in acting as a real estate agent in connection with the sale of Braxton Village properties informs whether or not Christopher Manning is an "Insured" for the purposes of this matter. As stated above, one of the central positions of the plaintiffs is Christopher Manning's duel role with both Braxton Village Developers and Manning Realty. Despite the fact that Christopher Manning was a partner of Manning Realty and the plaintiffs specifically reference his involvement in the management of Manning Realty as a central reason for their claims, you assert that Christopher Manning is not an Insured because he was not personally involved in the real estate sales. However, based on the plaintiffs' assertions, Christopher Manning was, at a minimum, indirectly involved in the real estate sales due to his management of the firm and his ability and availability to inform the firm's agents of the circumstances relating to the properties.

As a result, Greenwich's position remains that coverage does not apply under the Policy for the Underlying Matter. Because coverage is not afforded under the Policy for the reasons set forth in this letter and our prior correspondence, Greenwich does not discuss all of the additional grounds for disclaiming or limiting coverage that may apply. Additionally, Greenwich's position is based on the information currently available to it. If you believe that Greenwich has incomplete or incorrect information or if you have additional information you would like us to consider, please let me know and provide me with any relevant documentation.

Please note that Greenwich fully reserves all of its rights under the Policy and applicable law, that the above discussion is not intended to be exhaustive, and that there may be other terms and conditions which, although not specifically mentioned in this letter or any prior communications, may apply to the Underlying Matter. Greenwich reserves the right to assert any additional term or condition that might be applicable or as circumstances may warrant or as additional information becomes available.

Greenwich's actions in investigating, evaluating, or monitoring this matter should not be construed as a waiver, estoppel, or other relinquishment of Greenwich's right to deny or limit coverage, nor as an admission of any obligation under the Policy or applicable law. Further, this letter does not modify the terms and conditions of the Policy.

Please feel free to contact me with any questions or concerns you may have relative to the position outlined above or any other issues you may have.

Very Truly Yours,

*Elizabeth W Ives*

Elizabeth W. Ives
Account Manager
XL CATLIN Commercial E&O
Real Estate Professional Liability
Elizabeth.Ives@xlcatlin.com

cc: Pearl Insurance

3